### John W. LEE, Jr. v. UNIVERSITY OF VERMONT

[800 A.2d 444]

No. 01-300

April 10, 2002. Plaintiff John Lee, Jr. appeals the Chittenden Superior Court's award of summary judgment to defendant University of Vermont (UVM) on the grounds that Lee's claims are barred by the statute of limitations. The court made several factual findings and determined that there is no "continuing violation" of anti-discrimination laws in this case, and therefore, Lee's claims do not fall under the purview of the "continuing violation" exception to the statute of limitations. Mr. Lee claims there are genuine issues of material fact which, if resolved in his favor, exempt his claims from the controlling statute of limitations. We agree and reverse the trial court's award of summary judgment.

When reviewing an award of summary judgment, we use the same standard as the trial court. *Massachusetts Mut. Life Ins. Co. v. Ouellette*, 159 Vt. 187, 189, 617 A.2d 132, 133 (1992). Summary judgment is appropriate if, after giving the non-moving party the benefit of all reasonable doubts and inferences, there are no genuine issues of material fact. *Id.*

Viewing the record in the light most favorable to Mr. Lee, there exist numerous genuine issues of material fact regarding events occurring within the six-year statute of limitations for civil actions, see 12 V.S.A. § 511, and may constitute part of a "continuous practice and policy of discrimination," tolling the statute of limitations from the time the last discriminatory act, performed in furtherance of the discriminatory practice, took place. See *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994). For example, factual disputes have risen out of what Lee claims was UVM's discriminatory classification of his medical leave of absence as a dismissal for poor academic performance. Lee claims he was on a medical leave of absence from UVM when he received notice in January 1991 that he had been dismissed from UVM for poor academic performance. Lee claims he immediately began making repeated, unsuccessful attempts to remedy UVM's error and was ulti-

mately forced to reapply for admission. On April 12, 1991, his application for readmission was rejected. UVM asserts that Mr. Lee never again applied for readmission after the April 12, 1991 rejection. Mr. Lee asserts, however, that he complied with UVM's requirements to be considered for readmission in 1992, 1996, and again, in 1998. Eventually, he was granted a retroactive medical withdrawal. He claims that in 1994, 1995, and 1996, UVM refused to issue a corrected transcript. Allegedly, as a result of the erroneous assertion included in his UVM transcripts that he had been dismissed for poor academic performance, Lee's applications to other colleges were denied, and his status as a financial aid recipient was adversely affected. Mr. Lee claims that the above mentioned instances, and many others, were part of UVM's "continuous practice and policy of discrimination."

Because there exist several triable issues of material fact, which, if resolved in Lee's favor, could constitute a continuing violation not precluded by the statute of limitations, we reverse the lower court's award of summary judgment in this matter.

*Reversed.*